### BROWN v. TOMLINSON.

(Court of Appeals of District of Columbia. Submitted January 19, 1920. Decided April 5, 1920.)

No. 1254.

Patents ⊚⟐113(7)—Concurrent decisions in Patent Office will not be disturbed, except for manifest error.

Where the Law Examiner, the Examiners in Chief, and the Assistant Commissioner of Patents all concurred in finding that the senior party to an interference proceeding had a right to make the claims of the issue, manifest error must be made to appear to warrant the Court of Appeals in disturbing the decision of the Patent Office.

Appeal from a Decision of the Assistant Commissioner of Patents.

Interference proceeding in the Patent Office between Thomas R. Brown and Charles H. Tomlinson. From a decision awarding priority of invention to Tomlinson, Brown appeals. Affirmed.

⊚⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

H. A. Coombs, of Washington, D. C., E. A. Wright, of New York City, and Wm. M. Cady, of Pittsburgh, Pa., for appellant.

Frank T. Brown, C. M. Nissen, and A. J. Crane, all of Chicago, Ill., for appellee.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office awarding priority of invention to the senior party, Tomlinson. The second of the two claims of the issue is here reproduced:

"2. In an electric train coupling, the combination with a casing containing a plurality of fixed contacts adapted to be connected to train line circuits and a longitudinally movable contact slide having corresponding contacts, of fluid pressure operated means for projecting said slide to electrically connect the fixed contacts of counterpart couplings, and a manually operated element for controlling the supply of fluid to said means."

Upon the declaration of the interference Brown filed a motion for its dissolution, on the ground that Tomlinson has no right to make the claims of the issue. The question was elaborately reviewed by the Law Examiner, who found in favor of Tomlinson. Thereupon the Examiner of Interferences awarded priority on the record to Tomlinson, Brown having failed to show cause why that should not be done. On appeal to the Examiners in Chief, the question of Tomlinson's right to make the claims was again reviewed, and that right sustained. The question was again raised and considered by the Assistant Commissioner, with the same result. In such circumstances, manifest error must be made to appear to warrant this court in disturbing the decision of the Patent Office. Livingston v. Thompson, 45 App. D. C. 522; Hathaway & Lea v. Colman, 46 App. D. C. 40. Appellant has not met this requirement.

We agree with the Patent Office that Brown, in whose application these claims originated, is now seeking to read into them unwarranted limitations; in other words, that the invention covered by the claims is disclosed in both applications. The decision therefore is affirmed.

Affirmed.

