## DEWSON et al. v. TOMLINSON.

(Court of Appeals of District of Columbia. Submitted November 16, 1920. Decided January 3, 1921.)

No. 1357.

Patents ⬡106(2)—Counts in interference must be given broadest possible interpretation.

It is the universal rule in interference cases that the counts shall be given the broadest interpretation of which they are susceptible, so that the first inventor is entitled to priority over the objection that the counts contained limitations not found in his disclosure, where the disclosure was sufficient, if the counts were broadly construed.

Appeal from the Commissioner of Patents.

Interference proceeding between Edward H. Dewson and another and Charles H. Tomlinson. From the decision of the Commissioner of Patents, awarding priority of invention to Tomlinson, Dewson and another appeal. Affirmed.

E. A. Wright, of New York City, and Howard A. Coombs, of Washington, D. C., for appellants.

F. T. Brown, C. M. Nissen, and A. J. Crane, all of Chicago, Ill., for appellee.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals in an interference proceeding awarding priority of invention to the senior party, Tomlinson.

Of the four counts in issue, counts 1 and 4 are sufficiently illustrative and are here reproduced:

"1. In a car coupling, the combination with a casing containing a plurality of fixed contacts connected to train line circuits, and a movable carrier having corresponding contact bars, of fluid pressure means for projecting said carrier to electrically connect the corresponding contacts of counterpart couplers, and a valve device for controlling the return movement of said carrier."

"4. In a car coupling, the combination of a casing having an opening and containing electrical contacts connected to train line circuits, a movable carrier having corresponding contact bars, mechanism for projecting said carrier through said opening to electrically connect corresponding contacts of counterpart couplers, and a movable shutter for protecting said opening when said carrier is withdrawn."

No testimony has been taken; the contention of appellants being that the counts contain limitations not found in the Tomlinson disclosure. The tribunals of the Patent Office, in carefully prepared opinions, have ruled that, giving to the counts the broadest interpretation of which they are susceptible, the universal rule in interference cases, Tomlinson's disclosure is sufficient. We adopt this view and affirm the decision. See Brown v. Tomlinson, 49 App. D. C. 310, 265 Fed. 460, April 5, 1920.

Affirmed.