## HUMISTON v. VOORHEES.

Court of Appeals of District of Columbia.

Submitted November 15, 1927. Decided December 5, 1927.

No. 1959.

**1. Patents ⬧⬤91 (4)—Senior party held properly awarded priority for hand lamp with rotatable reflector.**

In interference proceeding, decision *held* to have properly awarded priority to senior party to patent for hand lamp with rotatable reflector.

**2. Patents ⬧⬤101—Claims in interference proceeding must be given broadest interpretation which they reasonably will support.**

While in interference proceeding claims should be determined in light of application in which they originated, they must be given the broadest interpretation which they reasonably will support.

Appeal from the Commissioner of Patents.

Interference proceedings between Frederick L. Humiston and Lee J. Voorhees. From a decision awarding priority to the latter, the former appeals. Affirmed.

A. B. Marvin, M. D. Jackson, and G. J. Hesselman, all of New York City, for appellant.

E. L. Greenewald, of New York City, and J. H. Brickenstein and C. H. Potter, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Patent Office in an interference proceeding awarding priority to the senior party, Voorhees.

The Humiston application was filed October 25, 1921, and a patent inadvertently issued thereon July 4, 1922. Voorhees' application was filed June 9, 1920. The preliminary statements disclosing that the earliest date claimed by Humiston for conception and disclosure was one year later than the filing date of Voorhees, Humiston was required to show cause why judgment on the record should not be entered against him. Thereupon he pursued the usual course by filing a motion to dissolve the interference, alleging that Voorhees had no right to make the three claims of the issue, the first of which reads as follows:

"1. In a hand lamp, the combination of a casing, a battery therein, a lamp, a support for said lamp, and a reflector rotatable on said support to move axially of said casing."

As will be gathered from a reading of the above count, the invention is an electric hand lamp, and the novel features of the count are directed to the means by which the reflector is shifted axially to change the character of the light beam delivered by the lamp. The claims originated in the Humiston application.

[1] The Law Examiner ruled that, while the Voorhees reflector is in screw-thread engagement with the lamp support and is rotatable on the support, it does not move axially of the casing, but moves the lamp support, and with it the lamp axially of the casing. In other words, the Law Examiner, although convinced that the same result was accomplished as in the Humiston device, was constrained to give the claims a narrow interpretation. On appeal, the Examiners in Chief reversed the Law Examiner, and held that Voorhees had a right to make the claims. This ruling, of course, sent the case to the

Examiner of Interferences on the merits, and that official, feeling bound by the decision of the board, awarded priority to Voorhees. This award was followed by an appeal to the Examiners in Chief, and, in a carefully prepared opinion, the board rejected Humiston's contentions and sustained the award to Voorhees, saying:

"We find nothing in the counts which excludes the incidental movement of the lamp head on the casing. In focusing the lamp, the movement of the lamp head is merely incidental; the thing desired is the relative movement between the lamp and reflector, and this is caused by the rotary and axial movement of the reflector."

On appeal, the decision of the board was affirmed.

[2] While in an interference proceeding claims should be interpreted in the light of the application in which they originated, they must be given the broadest interpretation which they reasonably will support. In other words, if a party claims an invention broadly, he ought not to be permitted, when thrown into interference, to meet the exigencies of such a situation by insisting upon limitations not expressed in his claims. Lindmark v. Hodgkinson, 31 App. D. C. 612; Kirby v. Clements, 44 App. D. C. 12; Brown v. Tomlinson, 49 App. D. C. 310, 265 F. 460; Scott v. Longtin, 52 App. D. C. 102, 281 F. 606; In re Levy, 55 App. D. C. 137, 2 F. (2d) 939.

Had Humiston been prior in point of time, it is inconceivable that he would not have claimed the Voorhees device to be an infringement of his. For the reasons more fully stated by the board, we affirm the decision.

Affirmed.