## ENZ v. ROGERS.

Court of Appeals of District of Columbia.

Submitted November 21, 1927. Decided December 5, 1927.

No. 1992.

Patents ⬯101—In interference proceeding, inventor's claims are interpreted in light of disclosure, but must be construed broadly.

In interference proceeding to determine priority of invention, claims of inventor are to be interpreted in light of his disclosure; but they must be construed broadly.

Appeal from the Commissioner of Patents.

Interference proceeding to determine the rights of Karl A. Enz and Frank H. Rogers

in a certain invention. From a decision of the Commissioner, affirming a decision of the Examiners in Chief in favor of Rogers, Enz appeals. Affirmed.

E. W. Vaill, of New York City, for appellant.

F. A. Bower, of New York City, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals in an interference proceeding awarding priority of invention to the senior party, Rogers.

The interference originally involved four counts. Count 1 is illustrative of the two counts now involved, and reads as follows:

"1. In a water turbine having a runner and a plurality of gates for controlling the flow of water to the runner, a gate operating mechanism comprising a movable shifting member, and adjustable connecting means between said shifting member and the different gates, said means comprising for each gate a pair of movement transmitting members and an adjustable breakable connecting member."

The novelty of the device resides in the means for connecting the shifting members and the different gates. The means, it will be observed, are defined as "adjustable," and as comprising for each gate "a pair of movement transmitting members and an adjustable breakable connecting member."

When it was discovered that appellant's date of conception and disclosure was subsequent to appellee's filing date, notice was given appellant to show cause why judgment on the record should not go against him. He answered this notice with a motion to dissolve, on the ground that Rogers had no right to make the claims.

The Law Examiner sustained appellant's contentions as to count 3, but rejected them as to the other three counts. Priority was awarded Rogers as matter of course by the Examiner of Interferences. The Examiners in Chief agreed with the Law Examiner as to counts 1 and 4, but reversed him and dissolved the interference as to count 2. On appeal, the Commissioner affirmed the decision of the board as to counts 1 and 4, no appeal having been taken as to count 2.

The claims originated with Enz, and are to be interpreted in the light of his disclosure; but they must be construed broadly. Humiston v. Voorhees, 57 App. D. C. ——,

23 F.(2d) 765, patent appeal No. 1959, present term. When so construed, we are convinced, as was the Patent Office, that Rogers has disclosed a breakable connecting member, even though the severance is induced by shearing. For the reasons fully stated by the Patent Office, the decision is affirmed.

Affirmed.