### SCOTT v. LONGTIN et al.

(Court of Appeals of District of Columbia. Submitted May 10, 1922. Decided June 5, 1922.)

#### No. 1496.

1. **Patents ☜101—Claims in interference will be given broadest reasonable interpretation.**

   In interference proceedings, claims will be given the broadest interpretation which they reasonably will support, and the court will not import limitations therein to meet the exigencies of a particular case.

2. **Patents ☜101—Broad claim originated by junior applicant held to read on senior applicants' machines.**

   In interference proceedings between several parties, where the broad claim in issue covering circular knitting machines was originated by the junior inventor, *held*, that the claim was so broad as to read on the disclosure of the prior inventors, though the junior inventor's embodiment of the invention differed from that of the other parties, so that the junior inventor is not entitled to priority for that claim.

Appeal from the Commissioner of Patents.

Interference proceeding between Robert W. Scott and William J. Longtin and others. From a decision of the Patent Office, to the effect that Scott was not the prior inventor, Scott appeals. Affirmed.

Hubert Howson, of New York City, for appellant.

C. L. Sturtevant, of Washington, D. C., and Joseph C. Fraley and Frank B. Fox, both of Philadelphia, Pa., for appellees.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals in an interference proceeding, to the effect that the party Scott is not the prior inventor. The interference relates to circular knitting machines, and the single count, which originated with Scott, reads as follows:

"A knitting machine having a series of needles, a body yarn guide, a stitch cam, in combination with means acting on the needles between passages of the stitch cam to isolate one or more needles from the other needles, an auxiliary yarn feed guide adapted to feed an additional yarn to said isolated needle or needles only, and means for rendering said auxiliary yarn guide operative and inoperative at a point fixed in relation to said isolating means at predetermined times."

Upon the declaration of the interference, Scott filed a motion to dissolve, upon the ground that Longtin and Pigeon have no right to make the claims. The Law Examiner denied this motion, and the question was again considered by the Examiners in Chief and the Assistant Commissioner, who reached the same conclusion.

[1, 2] It is a familiar rule in interference proceedings that claims

---

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

will be given the broadest interpretation which they reasonably will support, and that the court will not import limitations therein to meet the exigencies of a particular case. Kirby v. Clements, 44 App. D. C. 12. Where, as here, an inventor has deliberately elected to claim an invention broadly, he must stand or fall upon the claims as drawn; that is to say, the issue of priority must be determined with reference to the claims as drawn. If an inventor desires to protect a specific embodiment of the invention, he may frame claims to cover that embodiment; but he will not be permitted, when placed in interference, to restrict broad claims beyond the fair and natural meaning of the terms employed. While we are convinced that Scott's embodiment of this invention differs from that of the other parties, we are constrained to agree with the Patent Office tribunals that the interference claim is not limited to the specific features of Scott's machine. In other words, Scott's claim is so broad as to read upon Longtin and Pigeon.

For the reasons stated in more detail by the tribunals of the Patent Office, we affirm the decision.

Affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sitting in the place of Mr. Justice VAN ORSDEL in the hearing and determination of this appeal, concurs.