## HOLSLAG v. HOLLUP.

(Court of Appeals of District of Columbia.  Submitted November 16, 1922.
Decided January 2, 1923.)

### No. 1520.

1. Patents ⬤101—Junior party, originating broad claim, must stand thereon.

A junior party, who has deliberately elected to claim the invention broadly, from which the count in interference originated, must stand or fall on the claim as drawn.

2. Patents ⬤91 (4)—Senior party held to have reduced to practice prior to date claimed by junior.

Evidence *held* to show reduction to practice by the senior party prior to the earliest date of invention claimed by the junior applicant.

Appeal from the Commissioner of Patents.

Interference proceedings between Claude J. Holslag, the junior party, and Charles H. Hollup, the senior party.  From a decision awarding priority to the senior party, the junior party appeals.  Affirmed.

C. L. Sturtevant, E. G. Mason, and J. Ballard Moore, all of Washington, D. C., for appellant.

George B. Jones, of Chicago, Ill., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.  Appeal from concurrent decisions of the Patent Office tribunals in an interference proceeding, in which priority of invention was awarded the senior party, Hollup.  The invention is an electrode, used in welding by means of an electric arc, and is expressed in a single count, which originated with Holslag and reads as follows:

"An electrode for use in electric arc welding and repairing, comprising a metal rod having a coating consisting principally of silica, preferably in the form of silicate of soda."

[1] It will be observed that this is a broad count, and the junior party, having deliberately elected to claim the invention broadly, must stand or fall upon the claim as drawn.  Had he desired to protect a specific embodiment of the invention, he should have framed his claim to that end.  Scott v. Longtin, —— App. D. C. ——, 281 Fed. 606.

[2] Each of the tribunals of the Patent Office has found, upon a review of the evidence, that Hollup reduced the invention to practice prior to the earliest date of conception claimed by Holslag, and each has found the absence of proof of abandonment; in other words, that having first reduced the invention to practice, and in good faith filed an application, he is entitled to the award of priority.  Notwithstanding the persuasive argument advanced by counsel for Holslag, we have been convinced, after close examination of the record, that no material error has been made to appear, and we therefore affirm the decision. See Bungay v. Grey, —— App. D. C. ——, 281 Fed. 423.

Affirmed.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes