## DEIBEL v. HEISE & SCHUMACHER.
### No. 2544.

Court of Customs and Patent Appeals.
Feb. 3, 1931.

Hull, Brock & West, of Cleveland, Ohio (George E. Tew, of Washington, D. C., of counsel), for appellant.

Charles C. Scheffler, of New York City, and Charles H. Potter, of Washington, D. C. (Warren J. Willis, of New York City, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Appeals affirming the decision of the Examiner of Interferences awarding priority of invention to appellees, Heise & Schumacher, for an alleged invention relating to linings for dry cells.

The counts in issue were taken from appellant's application. Count 6 is illustrative. It reads:

"6. In a dry cell, the combination of a negative element, a covering of kraft paper applied to the active surface of said negative element, a positive element, and a mass of de-polarizing mix compressed between said elements, the aforesaid covering of kraft paper being permeated with electrolytic solution."

Counsel for appellant moved to dissolve the interference on the ground that appellees had no right to make the claims in issue.

It was argued by counsel for appellant before the tribunals below, and it is argued in this court, that, although the counts in issue broadly cover a battery lining of kraft paper, they should be construed in the light of appellant's specification, wherein it was declared that appellant used a thin, tough, pliable kraft paper; and that appellees disclosed in their specification the use of heavy ribbed or corrugated kraft paper.

In his decision denying the motion to dissolve the interference, the law examiner held that the counts in issue were not limited to a particular type of kraft paper, but, on the contrary, were sufficiently broad to read on appellees' disclosure.

Thereafter, testimony was introduced by each of the parties and the cause submitted to the Examiner of Interferences.

In his decision awarding priority of invention to appellees, the Examiner of Interferences, among other things, said:

"At final hearing counsel for Deibel admitted orally that he did not contend that the proofs submitted on behalf of Deibel were sufficient to entitle him to an award of priority. In view of the fact that the party Deibel is not urging that his proofs be considered as entitling him to an award of priority, it will be unnecessary to discuss the testimony submitted by the parties.

"Counsel for Deibel however seeks to urge the non-patentability of the issue. Non-patentability of the issue does not form a basis for an award of priority but can only be considered by this tribunal as a basis for a recommendation under Rule 126. The case here presented is not found to justify such a recommendation and accordingly no action will be taken under the provisions of Rule 126."

The Board of Appeals, in affirming the decision of the Examiner of Interferences, said:

"The counts are broad and do not contain the restrictions called for an [in] appellant's assertions in his brief. The assertions appear to be made merely for the purpose of questioning the patentability of the claims in the form stated. This question cannot be now raised by the appellant. * * *

"The broad claims constituting the issues of this interference were suggested by the examiner and were adopted by Heise and Schumacher.

"By the cancellation of original claim 4, Heise and Schumacher were not estopped from adopting the suggested claims which are clearly within the disclosure of the specification of Heise and Schumacher and were adopted before final action on the case. The question whether claims may be reinstated must be left largely to the discretion of the examiner, Ex parte Kieffer, 104 O. G. 2443, 1903 C. D. 204. In the present case the examiner in considering the claims of Deibel apparently reconsidered his rejection of claim 4 of Heise and Schumacher and, considering that rejection unwarranted, allowed the claims of Deibel and suggested them to Heise and Schumacher with the result that Heise and Schumacher adopted them."

Counsel for appellant contends that the board erred in holding that appellees had a right to make the claims constituting the issue; that appellees were estopped from adopting the claims involved in the interference, because they were required by the primary examiner to cancel their original claim 4, which read: "A dry cell having a lining comprising a sheet of corrugated kraft paper." And that, if the counts in issue are given a construction sufficiently broad to cover appellees' disclosure, instead of being construed in the light of appellees' specification, they are "broader than the real invention of the parties and are unpatentable."

Counsel for appellant conceded on the hearings below, and the contrary is not claimed here, that if appellees are entitled to make the counts in issue, they are entitled to an award of priority.

 The question of patentability will not be considered by this court in an interference proceeding. Gowen v. Hendry et al., 37 F. (2d) 426, 17 C. C. P. A. 789; Brogden v. Slater, 40 F.(2d) 988, 17 C. C. P. A. 1240.

The counts in issue do not contain any express limitations as to the kind or type of kraft paper used as a lining for dry cells, nor is there any ambiguity in the language therein contained. The counts of the interference should be given the broadest interpretation which they will reasonably support, and this court is not justified in reading limitations into them for the purpose of changing the plain import of their terms. Had appellant desired to limit his claims to a particular kind or type of kraft paper, he might have done so. However, having deliberately elected to claim the invention broadly, he is not in a position to insist that limitations be read into his claims (the counts in issue) for the purpose of avoiding the issue of priority. Miel v. Young, 29 App. D. C. 481; Western Electric Company v. Martin, 39 App. D. C. 147; Leonard v. Pardee, 39 App. D. C. 458; Scott v. Longtin et al., 52 App. D. C. 102, 281 F. 606; Lynch v. Headley et al., 52 App. D. C. 269, 283 F. 1003; Holslag v. Hollup, 52 App. D. C. 272, 285 F. 1006.

We deem it unnecessary to discuss the issue of estoppel raised by counsel for appellant. The question has been fully discussed, and in our opinion correctly decided, by the Board of Appeals. We agree with the conclusion reached by the tribunals of the Patent Office, and the decision of the Board of Appeals is affirmed.

Affirmed.