### HARTOG v. LONG et al.

Patent Appeal No. 2608.

Court of Customs and Patent Appeals.

Feb. 25, 1931.

See, also, 47 F.(2d) 367.

Wm. L. Symons, of Washington, D. C. (Bacon & Thomas, of Washington, D. C., of counsel), for appellant.

Wm. C. McCoy, of Cleveland, Ohio (Jas. A. Hoffman, of Washington, D. C., and Evans & McCoy, of Cleveland, Ohio, of counsel), for appellees.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal in an interference case by Hartog from the decision of the Board of Appeals of the Patent Office, awarding priority of invention in two counts of an interference to appellee Gulick. Appellee Long did not appeal in this case, and the issue is between Hartog and Gulick.

When the case was first presented to this court it involved two counts, 1 and 2, and Hartog, as to the first count, contended that Gulick had no right to make the claim and that he (Hartog) had no right to make the claim, and that the claim was not patentable. Upon this ground Hartog moved to dissolve the interference, which motion was overruled. Since, under the circumstances of this case, patentability is not to be considered by this court, appellant at the hearing dismissed his appeal as to count 1. The patentability of count 1 will no doubt receive due consideration in the Patent Office.

The only issue presented in this case, as it now stands, is whether or not Gulick had the right to make the claim.

Count 2 reads as follows:

"2. A piston having a head with top and side walls in combination with a guide structure connected thereto and *comprising diametrically opposite cylinder-engaging parts* formed with air spaces between their upper edges and the bottom edge of the side wall of the head, wrist pin bosses between the cylinder-engaging parts, and *means joining said bosses and cylinder-engaging parts together, the said joining means being resiliently yieldable* and arranged not to engage the cylinder." (Italics appellant's.)

The subject-matter of the invention here in issue relates to pistons for internal combustion engines. Each of the parties sought to produce a piston that could be fitted to the engine cylinder with a minimum of clearance and that could be operated without binding when the same would expand from heat. Both structures, therefore, were provided with a piston skirt that would be flexible and would on account of the flexibility yield to pressure occasioned by expansion. The desired flexibility or resiliency of the skirt of the piston in both structures is obtained by separating the skirt portion of the piston from the head of the same and by slitting the skirt portion longitudinally with its axis. The skirt portion is connected to the head portion by webs placed inside the hollow portion of the piston and projecting downwardly from the head. Wrist pin bosses are connected to the skirt by the webs. Without the aid of a drawing a detailed description of the structure of the two pistons involved would not be helpful, and no attempt to describe the same in detail will be made here except as to the particular portions of the structures directly involved in this controversy.

It is first contended by Hartog that Gulick's guide structure does not meet the term "comprising diametrically opposite cylinder engaging parts." In this we think appellant is in error since the combination in Gulick certainly has cylinder engaging parts which are diametrically opposite to each other— that is to say, there are parts of the skirt of the piston which engage the cylinder and which are opposite each other. Hartog argues that since Gulick has but one slit, there is, therefore, but one cylinder engaging part in Gulick's disclosure. This part of the count must be read in connection with the last part of the count in order to understand what the count really means. These "diametrically opposite cylinder engaging parts" joined by the bosses, which joining makes the same "resiliently yieldable," may be said to be the chief part of both structures. Unless the parts of the piston which engage the cylinder are made to yield in opposite directions, the very purpose of the invention would fail, and, since we are to hereinafter hold that both disclosures have the "resiliently yieldable" feature, we think appellant's first contention cannot be sustained.

The main contention of appellant, and the chief subject-matter in controversy in this long and hotly contested interference, is that Gulick's structure does not contain in its means for joining the cylinder engaging parts

a resilient yieldability. On this question the tribunals of the Patent Office concur in holding that Gulick's disclosure does show such resilient yieldability and that he can make the claim.

This part of the issue in this case was before the Patent Office tribunals in an interference case between Gulick and Long. Long contended that Gulick's construction was rigid and could not operate to permit free expansion and contraction of the skirt portion. The Law Examiner held that "the flanges or ribs 17 and 18 must allow such expansion and it is not material for the present purpose whether they move about one end or are slightly flexed laterally. * * *" Upon appeal to the Examiners in Chief they said: "If the webs 17, 18 were so rigid that they would not yield laterally, the slot would have no function." Upon appeal to the Commissioner, he said: "The material of which both types of pistons are made will readily yield to the small extent required to bring the piston skirt to the proper diameter. * * *" Then upon appeal to the Court of Appeals of the District of Columbia, Mr. Justice Van Orsdel, speaking for the court, said: "We think it clear that the object of the split is to permit of this expansion" and that Gulick had the right to make the claim "beyond question." Long v. Gulick, 57 App. D. C. 98, 17 F. (2d) 686, 687. The claim there at issue, while somewhat different from the count at bar, called for a split skirt "to permit free expansion and contraction of the skirt portion."

That Hartog's piston skirt has more flexibility than Gulick's and that the elements responsible for such flexibility in Hartog differ materially from the elements responsible for it in Gulick cannot be denied. Hartog in argument and brief contends that the meaning of the count should be construed in connection with his specifications, since the count came from Hartog's application, and that when so construed the particular springy flexibility of the Hartog structure is what is meant by the count and that the less resilient and almost rigid structure of Gulick is not described by the terms of the count. It seems from this line of argument that Hartog seeks to read into the count things suggested by the specification but which are not embraced within the language of the count when given its ordinary meaning.

The law on this question, we think, is pretty well settled. Counts of an issue of an interference are to be interpreted as broadly as the language will reasonably permit. Stern v. Schroeder, 36 F. (2d) 518, 17 C. C. P. A. 690. But express limitations in the counts cannot be ignored. In re Bijur, 40 F. (2d) 999, 17 C. C. P. A. 1134. Nor can details of structure be read into a count from a consideration of the disclosure when the language used in the count, if given its broadest meaning, does not reasonably embrace the subject-matter. Podlesak & Podlesak v. McInnerney, 1906 C. D. 265.

It seems clear to us that, if the slot in the skirt of the Gulick piston takes care of expansion, it is by reason of the fact that the cylinder engaging portions of the skirt flex or yield, which yielding or flexing must necessarily result, at least in part, from the resiliency of the joining means.

We conclude that Gulick had the right to make the claim. That Gulick should be regarded as the prior inventor of the subject-matter of the count, if he had the right to make the claim, has not been seriously denied in this court.

The decision of the Board of Appeals, awarding priority of the subject-matter involved in this appeal to Gulick, is affirmed.

Affirmed.