### FIELD v. STOW.
### No. 2754.

Court of Customs and Patent Appeals. May 27, 1931.

See, also, 49 F.(2d) 1072.

Frederick H. Gibbs and Donald U. Rich, both of New York City (Herbert Jacobi and Wm. J. Jacobi, both of Washington, D. C., of counsel), for appellant.

Cyrus Kehr, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the examiner of interferences awarding priority of invention to appellee.

The counts in issue were taken from appellant's patent No. 1,649,396, issued November 15, 1927. They read:

"2. In a self-clearing end dump mine car, wheel axles, a longitudinally extending wood flooring comprising the lowermost longitudinally extending horizontal member of the car, supporting sills for said flooring, and self-clearing housing over said axles and resting on the wood flooring.

"3. In a self-clearing end dump mine car, wheel axles, a longitudinally extending wood flooring comprising the lowermost longitudinally extending horizontal member of the car, sills for supporting said flooring, axle housings mounted on said flooring and connected to said sills, and ties between the sills and located below the flooring."

"5. In a self-clearing end dump mine car, wheel axles, side sills carried on said axles, a longitudinally extending wood flooring positioned below the wheel axles and comprising the lowermost longitudinally extending horizontal member of the car, said sills carrying said flooring, and ties between said sills."

As stated in the counts, the invention relates to improvements in mine cars.

Counsel for appellant moved to dissolve the interference on the ground that appellee had no right to make the claims constituting the counts in issue. The motion was denied by the law examiner. Thereafter, a petition for rehearing was filed and denied.

In his original decision, the law examiner said:

"In count 2 the lowermost longitudinally extending horizontal member of the car must be a composite member including such floor planks as are shown at 23, 24 in Field's Figs. 3, 5, and 6. It is therefore immaterial whether the separate planks extend longitudinally of the car or across the car if the flooring as a whole extends longitudinally of the car. This is true of Stow's floor which comprises transverse wooden elements. Self-clearing housings are shown in Stow's Fig. 20.

"As to count 3, Stow discloses ties between the sills and located below the flooring in the diagonal members 221, Fig. 3. It is not necessary that these elements should have

a floor supporting function to satisfy the count.

"Counts 4 and 5 include no additional elements and demand no further discussion. * * * There are no terms of doubtful meaning in the counts and it is not apparent that any terms require definition outside of their fair and ordinary meaning."

In denying the petition for rehearing, the law examiner said:

" * * * The lowermost longitudinally extending member of the car includes a plurality of floor planks and is a composite member. If the composite member extends longitudinally it is not necessary to satisfy the count that the separate planks should also extend longitudinally to make a longitudinally extending flooring.

"The alleged disclaimer in Stow's specification, page 6, lines 28 to 31, of a car construction which includes longitudinally extending wood flooring is merely a statement that the separate planks of the floor are arranged transversely. It is not a disclaimer of a longitudinally extending flooring."

Due to the fact that the date alleged in appellant's preliminary statement for conception of the invention defined in the involved counts was subsequent to the filing date of appellee, and it having been held by the law examiner that appellee could make the claims constituting the counts in issue, the examiner of interferences awarded priority of invention to appellee.

The Board of Appeals held that the language "a longitudinally extending wood flooring comprising the lowermost longitudinally extending horizontal member of the car," contained in each of the involved counts, was ambiguous and might mean that the planks of the flooring were longitudinally extending, as disclosed in the specification in the patent to Field, or that the "flooring comprising the lowermost longitudinally extending horizontal member" might be considered as a unit without regard to whether the planks extended longitudinally, as disclosed in the patent to Field, or transversely, as disclosed in the application of Stow. The board then said:

"The gist of the invention in this count is a car, comprising a horizontal floor member extending as a unit, or whole, from one end of the car to the other longitudinally thereof, said longitudinally extending member comprising the lower most horizontally extending member of the car. supporting sills for said flooring, and self-clearing housings

over said axles and resting on the wood flooring. Such housings are necessary in a car in which the flooring is the lower most horizontal member of the car and is supported by the sills below the axles in order that the coal in the car may slide over the axles when one end of the car is raised that the load may slide over the inclined floor to be delivered longitudinally of the car and out from the unraised end of the car as described by both Field and Stow. Considering the flooring of the car as a unit it is immaterial whether the planks thereof extend longitudinally of the car or transversely. If Field, the patentee, had intended to limit his flooring to longitudinally extending planks it could have been so specified in the claim by including the wood planks. His invention, however, consisted in a floor extending horizontally and longitudinally of the car and below the axles of the car and apparently he did not wish to limit his claim to longitudinally extending planks. It was immaterial to the invention whether the planks extended in one direction or another transverse thereto. Count 2 does not specify longitudinally extending planks and the count clearly reads upon the construction shown and described by Stow and clearly states the gist of Stow's invention as well as that of Field. The decision of the Law Examiner is affirmed as to count 2.

"Count 3 differs from count 2 in that it includes 'ties between the sills and located below the flooring.' Inasmuch as these ties are present in Stow as shown by the ties 221, we think Stow can make this count and the decision of the Law Examiner with regard thereto is affirmed. * * *

"Count 5 specifies 'a longitudinally extending wood flooring positioned below the axle wheels,' and since there appears to be nothing material to the invention in construing this expression to mean that the planks of the flooring extend longitudinally, we think the party Stow is entitled to make the claim of count 5 and the decision of the Law Examiner is accordingly affirmed."

Having reached the conclusion that appellee could make the claims constituting the counts in issue, and as appellant did not claim that he was entitled to priority of invention if appellee was entitled to make the counts in issue, the Board of Appeals awarded priority of invention to appellee.

■■ Counsel for appellant contends that appellee is not entitled to make the involved counts. It is urged that, as held by the Board of Appeals, the language "a longitudinally

extending wood flooring comprising the lowermost longitudinally extending horizontal member of the car" is ambiguous; that, if this is so, the law requires that the counts must be construed in conformity with the patent in which they originated; and that, having copied the counts for the purpose of interference, appellee is bound by the meaning placed upon them by patentee. That this is a correct statement of the law, we have no doubt. Ernest M. Brogden v. Henry B. Slater, 40 F.(2d) 988, 17 C. C. P. A. 1240.

However, after giving the matter careful consideration, we are unable to hold that the Board of Appeals was right in holding, and that counsel for appellant is right in claiming, that the language of the counts is ambiguous.

The word "flooring" is defined in Funk & Wagnalls New Standard Dictionary as follows: "Flooring, n. 1. Material from which to make a floor. 2. Floors collectively; a floor."

It will be observed that the language of the counts defines "a longitudinally extending wood flooring *comprising* the lowermost longitudinally extending horizontal *member* of the car." (Italics ours.) Obviously, if the word "flooring" was intended to refer to the material for a floor, the "flooring" could not be said to comprise the lowermost longitudinally extending horizontal *member* of the car, nor would the planks and the "longitudinal buffer beam," which, the specification states, forms the floor, be referred to in the singular.

In view of the fact that the word "flooring" has two meanings, it would seem to be obvious that it must be interpreted in the counts as meaning a floor, otherwise we would be required to hold the language practically meaningless.

We agree with the views expressed by the law examiner that the language is unambiguous; that it means exactly what it says; that the lowermost longitudinally extending member of the car, including planks and a buffer beam, is a composite member (a longitudinally extending floor); and that it is immaterial whether the planks extend longitudinally or transversely.

Had appellant seen fit to do so, he might have expressly limited his patent claims to a longitudinally extending wood floor consisting of longitudinally extending planks. However, as he did not do so, but deliberately elected to claim the invention broadly, he is not now in a position to insist that limitations be read into them for the purpose of avoiding the issue of priority. On the contrary, the counts should be given the broadest interpretation which they will reasonably support. Deibel v. Heise & Schumacher, 46 F.(2d) 570, 18 C. C. P. A. ——.

The decision is affirmed.

Affirmed.