## MARTIN v. FRIENDLY.
### Patent Appeal No. 2960.

Court of Customs and Patent Appeals.
May 23, 1932.

Chas. M. Candy and R. G. Richardson, both of Chicago, Ill., for appellant.

George E. Mueller, of Chicago, Ill., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner of Interferences awarding priority of invention as to all of the counts, Nos. 1 to 13, inclusive, to appellee, Herbert M. Friendly.

The counts in issue were taken from appellant's patent No. 1,640,551, issued August 30, 1927.

Counts 2 and 4 are illustrative. They read:

"2. In a telephone system, a subscriber's line, a first selector, means including said first selector, a second selector, and a connector directively controllable by the subscriber on said line for connecting with a second line, means including said first selector, another second selector, a third selector, and another connector similarly controlled for connecting with a third line, telephone numbers for said second and third lines having the same number of digits, and means for automatically releasing said first selector whenever the said second line is called in order to cancel one of the digits in the number."

"4. In a telephone system, a selector switch and means for operating the same, said switch having a primary movement and an automatic secondary selecting movement, a slow acting relay energized during the primary movement and deenergized on the completion thereof to start the secondary movement, a release magnet, and a circuit for said magnet closed by said relay upon deenergizing in case the primary movement has stopped at a certain predetermined point."

As stated in the counts, the invention relates to improvements in automatic telephone systems.

Counsel for appellant moved to dissolve the interference on the ground that appellee had no right to make the counts in issue. The motion was denied by the Law Examiner. Thereafter a petition for a rehearing was filed and denied.

In describing the invention generally, the Law Examiner said:

"When an office includes so few lines that it is unnecessary to extend the lines through a first, second and third selector but only two selectors are required in a series, it is desirable to assign numbers to the lines so that as many dialling strokes will be required as if the number of lines required three selectors. In the abbreviated system, therefore, it is necessary that the first selector or some part of the system 'absorb' or nullify one of the dialled digits and the

patentee accomplishes this by so arranging the first selector that it will restore to normal after being set off normal in response to the first digit dialled. Upon the dialling of the second digit the first selector functions normally. The modified first selector may easily be changed to a normal selector when the system expands so that a third selector is necessary but the line numbers may remain unchanged. The result may be accomplished by means of a selector switch constructed as outlined in count 4 for example."

Thereupon the Law Examiner discussed the counts, and held that they read upon appellee's disclosure.

Due to the fact that the date alleged in appellant's preliminary statement for conception of the involved invention was subsequent to the filing date of appellee, and it having been held by the Law Examiner that appellee's disclosure supported the counts in issue, the Examiner of Interferences awarded priority of invention to appellee.

In its decision affirming the decision of the Examiner of Interferences, the Board of Appeals held that the involved counts were "broadly drawn to a general arrangement whereby with the same number of calling digits a connection may be set up between either of two groups or exchanges, using a less number of automatic switches to obtain connection to one group than to obtain connection to the other group or exchange;" and that "In both cases circuits are controlled and relays operated by these critical initial digits and we find ourselves unable to discover any basis for the view that the terms of the counts define anything in Martin's system not disclosed by Friendly."

Counsel for appellant, in an elaborate brief, contends, among other things, that, due to the fact that the subject-matter was highly technical, neither the Law Examiner nor the Board of Appeals thoroughly understood the issues, and that, if they had, they would have reached a different conclusion.

It is true that the subject-matter of the involved counts is highly technical. In such cases, the rule is well established that, in the absence of evidence of those expert in the art, concurring decisions of the Patent Office tribunals will not be disturbed, unless it appears that they are manifestly wrong. Authorities need not be cited in support of this proposition.

However, in the case at bar, the issues have been so clearly presented by counsel for the parties that we have not experienced great difficulty in understanding them. The counts in issue have been fully analyzed and applied by each of the tribunals below to appellee's disclosure, and each has held, and correctly so we think, adversely to the contentions of counsel for appellant.

The counts are broadly drawn, and, not being ambiguous, must be given the broadest construction which they will reasonably permit. Limitations, not expressly defined, cannot be read into them for the purpose of avoiding the issue of priority. Deibel v. Heise & Schumacher, 46 F.(2d) 570, 18 C. C. P. A. 907; Moore v. Greene, 48 F. (2d) 960, 18 C. C. P. A. 1317.

Considering the facts of record and the law applicable thereto, we are of opinion that the tribunals of the Patent Office reached the right conclusion. Accordingly the decision of the Board of Appeals is affirmed.

Affirmed.