46 C.C.P.A. (Patents)

**Serge A. LOUKOMSKY, Appellant,**

v.

**Hans GERLICH, Appellee.**

**Patent Appeal No. 6404.**

United States Court of Customs
and Patent Appeals.

March 16, 1959.

Edward S. Irons, Harold J. Birch, and Burns, Doane, Benedict & Irons, Washington, D. C., for appellant.

Abraham J. Nydick, New York City, for appellee.

Before WORLEY, Acting Chief Judge, and RICH and MARTIN, Judges.

RICH, Judge.

This appeal is from the decision of the Board of Patent Interferences of the United States Patent Office awarding priority of invention of the subject matter of the single count of Interference No. 87,749 to Gerlich, the junior party.

The invention is a coating process defined in the count as follows:

"A process for the production of well-adhering coatings on the surface of polyethylene articles which comprises applying thereto a solution containing an interpolymerization product of a major proportion of vinyl chloride and a minor proportion of a vinyl ester and drying the applied coating."

The count originated in Gerlich's patent No. 2,689,197 granted September 14, 1954 on an application filed April 16, 1952. Loukomsky is involved in the interference on an application filed February 9, 1955 for reissue of his patent No. 2,628,208 granted February 10, 1953 on an application filed June 18, 1951, and is therefore the senior party.

Neither party took testimony, but Gerlich filed a motion to dissolve on the ground that Loukomsky had no right to make the count, which motion was denied by the Primary Examiner. At final hearing the Board of Patent Interferences, disagreeing with the Primary Examiner, held that neither Loukomsky's patent nor his reissue application, which contains a specification identical with that of the patent, disclosed the invention in issue.

The board, therefore, awarded priority to Gerlich.

The sole issue presented by this appeal is whether the Loukomsky patent discloses the subject matter of the interference count so that he is entitled to make the count *for the purpose of contesting priority* with Gerlich.

There appears to be no dispute as to what is disclosed by the Loukomsky patent, so far as is here pertinent. Both the examiner and the board found, and we agree, that the patent discloses the coating of polyethylene articles with a composition containing a solution of an interpolymerization product of vinyl chloride and a vinyl ester (vinyl acetate). The patent states that the preferred copolymer contains 10% to 15% of vinyl acetate, thus satisfying the requirement of the count that the vinyl chloride shall be a major proportion of the interpolymerization product and the vinyl ester a minor proportion.

It was also correctly held by both the examiner and the board that Loukomsky did not contemplate coating with the copolymer solution alone, but considered it essential that the coating composition should contain at least one other ingredient. More specifically, Loukomsky contemplated the use of a coating composition consisting of a mixed solvent medium having higher and lower boiling fractions, with the vinyl copolymer in solution in the medium, and about 20% by weight of another resin dispersed therein, in particulate form.

There is no controversy as to what Loukomsky discloses. The issue is whether, on the basis of his disclosure, he can make the count.

It is elementary that, in the absence of ambiguity, the counts of an interference are to be given the broadest interpretation which they will reasonably support. Stern v. Schroeder, 36 F.2d 518, 17 CCPA 690; Hartog v. Long, 47 F.2d 365, 18 CCPA 993; Field v. Stow, 49 F.2d 840, 18 CCPA 1437.

We agree with the Primary Examiner that the instant count is not ambiguous, but is merely broad and that the statement that the solution contains an interpolymerization product does not exclude the presence of other ingredients, whether in solution, suspension or other form of dispersion. A solution "containing" a specified ingredient does not cease to contain it merely because other ingredients are added. Moreover, as was pointed out by the examiner, the Gerlich patent, in which the count originated, does not describe or give an example of any coating composition consisting solely of a solvent with a vinyl copolymer dissolved therein. At least one other material such as a plasticiser, dye or pigment is always present in the compositions disclosed. Accordingly, even if the count were considered ambiguous and resort had to the Gerlich specification in interpreting it, there is no basis for so construing it as to limit it to a solution of the copolymer alone.

While the Board of Patent Interferences held that "Loukomsky's original patent did not disclose *the invention* of the count and it is not inherent therein," (emphasis ours) the reasons on which that holding was based appear to be directed to what Loukomsky is entitled to claim in a patent, rather than to what he discloses. The board emphasizes the fact that Loukomsky indicates in his specification that the presence of additional materials in the solution is of critical importance and that he does not teach that such materials might be omitted. That fact might be important if the count were limited to the use of a coating composition *consisting* of a solution of a vinyl copolymer but, as above pointed out, such is not the case.

The count is clearly broad enough to embrace the coating compositions of Loukomsky in which other materials are dispersed in the vinyl copolymer solution and so far as the issue of priority is concerned, that is sufficient to entitle him to make the count. In the recent case of Den Beste v. Martin, 252 F.2d 302, 45 CCPA 798, we pointed out, with citation of authorities, that the disclosure in an application of a single species or example

falling within the terms of an interference count is sufficient to constitute a constructive reduction to practice of the count. Much of the reasoning of that decision is applicable here.

 The decisions in In re McCoy, 148 F.2d 347, 32 CCPA 920; and Prutton v. Fuller, 230 F.2d 459, 43 CCPA 831, relied on by the board, are not directly in point. In re McCoy was an ex parte case and the rejection there of a reissue application was not based on failure to disclose the claimed subject matter, but on the ground that the claims were broader than the disclosure and not for the same invention as that intended to be covered by the original patent. As pointed out in the Den Beste opinion, patentability of a count to an applicant is not a matter which is ancillary to the issue of priority. The Prutton case involved counts to *specific* materials and proportions which were embraced within the broad terms of the disclosure of the applications relied on by Prutton but which were not mentioned as in any way preferable to other specific materials which were singled out as being the invention. In the instant case, on the contrary, the count is *broad* and the preferred coating compositions clearly disclosed by Loukomsky fall squarely within it.

It was stated by the board that Loukomsky, having copied the count from Gerlich's patent, had the burden of showing a clear basis for it in his disclosure. While that statement is correct, Loukomsky's disclosure of the subject matter of the count is, in our opinion, sufficiently clear to sustain the burden. The count reads on the coating of polyethylene with the compositions which Loukomsky discloses. It was not necessary for Loukomsky to show, in addition, that he is entitled to a reissue patent containing a claim corresponding to the count, for that is a question of patentability of the count to him and not ancillary to priority, a question we will not consider in an interference. Den Beste v. Martin, supra, and Mantz v. Jackson, 140 F.2d 161, 31 CCPA 824,

832. The error of the board resides in its having predicated its decision on the *priority* issue on whether Loukomsky was entitled to *claim* the process of the count. That question may very well have to be decided after the interference is over, but at this juncture the sole issue is whether Loukomsky is entitled to an award of priority which would deny the count to Gerlich. There is no dispute that Loukomsky has established the earlier date. Since we hold he is entitled to make the count for the purposes of this contest, he is entitled to the award of priority, which is to say, of course, that Gerlich is not entitled to a claim which reads on the prior disclosure of Loukomsky, whether or not Loukomsky is entitled to the same claim in a patent.

The decision of the Board of Patent Interferences is reversed.

Reversed.