49 CCPA

In the Matter of the Application of William B. DICKINSON and Bernard L. Zenitz.

Patent Appeal No. 6751.

United States Court of Customs and Patent Appeals.

March 22, 1962.

Laurence & Laurence, Washington, D. C. (Dean Laurence and Herbert I. Sherman, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (Joseph Schimmel, Washington, D. C., of counsel), for Comr. of Patents.

Before WORLEY, Chief Judge, RICH, MARTIN and SMITH, Judges, and Judge JOSEPH R. JACKSON, retired.

MARTIN, Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the examiner's rejection of claims 1 to 5, all of the claims of appellants' application for a patent.

The application was filed November 12, 1957 and relates to certain piperidine carboxylic acid derivatives and to a process of preparing them. The compounds claimed are disclosed to be "physiologically active" and "useful as analgesics and narcotics." Claim 1 is representative of the appealed claims and reads as follows:

"1. A compound selected from the class consisting of ethyl 1-methyl-4-phenylisonipecotate N-oxide free base and ethyl 1-methly-4-phenylisonipecotate N-oxide acid addition salt of a pharmacologically acceptable acid."

Appealed claims 1, 2 and 3 were copied from patent No. 2,785,168 which had issued to Tiffany on March 12, 1957 on an application filed August 16, 1955. Ap-

pealed claim 4 recites a specific compound within the scope of claim 3 and disclosed but not claimed as a species by Tiffany. Appealed claim 5 recites a process for preparing the compound of claim 2. This process is disclosed but not claimed by Tiffany.

The issues in this case relate to the requirements and application of 35 U.S.C. § 135 and Rules 204(b) and 131, 35 U.S.C. Appendix.[1]

When appellants' application was filed, it was accompanied by a request that an interference be declared between the application and the Tiffany patent. As required by the portion of rule 204(b) *before* the semicolon therein, appellants also filed with their application an affidavit stating that they had made the claimed invention prior to the filing date of the Tiffany patent.

The examiner refused to declare an interference, requiring in effect a second affidavit in accord with the portion of Rule 204(b) *after* the semicolon therein. Such an affidavit was submitted. Relative to the utility of the claimed compound, this second affidavit stated:

"We submitted the sample of ethyl 1-methyl-4-phenylisonipecotate N-ox-

---

1. 35 U.S.C. § 135 states:

"Whenever an application is made for a patent which, in the opinion of the Commissioner, would interfere with any pending application, or with any unexpired patent, he shall give notice thereof to the applicants, or applicant and patentee, as the case may be. The question of priority of invention shall be determined by a board of patent interferences (consisting of three examiners of interferences) whose decision, if adverse to the claim of an applicant, shall constitute the final refusal by the Patent Office of the claims involved, and the Commissioner may issue a patent to the applicant who is adjudged the prior inventor. A final judgment adverse to a patentee from which no appeal or other review has been or can be taken or had shall constitute cancellation of the claims involved from the patent, and notice thereof shall be endorsed on copies of the patent thereafter distributed by the Patent Office.

"A claim which is the same as, or for the same or substantially the same subject matter as, a claim of an issued patent may not be made in any application unless such a claim is made prior to one year from the date on which the patent was granted."

Rule 204(b) states:

204. "Interference with a patent; affidavit by junior applicant.

\* \* \* \* \*

"(b) When the filing date or effective filing date of an applicant is subsequent to the filing date of a patentee, the applicant, before an interference will be declared, shall file an affidavit that he made the invention in controversy in this country, before the filing date of the patentee, or that his acts in this country with respect to the invention were suffi-

cient under the law to establish priority of invention relative to the filing date of the patentee; and, when required, the applicant shall file an affidavit (of the nature specified in rule 131) setting forth facts which would prima facie entitle him to an award of priority relative to the filing date of the patentee."

Rule 131 states:

131. "Affidavit of prior invention to overcome cited patent or publication. (a) When any claim of an application is rejected on reference to a domestic patent which substantially shows or describes but does not claim the rejected invention, or on reference to a foreign patent or to a printed publication, and the applicant shall make oath to facts showing a completion of the invention in this country before the filing date of the application on which the domestic patent issued, or before the date of the foreign patent, or before the date of the printed publication, then the patent or publication cited shall not bar the grant of a patent to the applicant, unless the date of such patent or printed publication be more than one year prior to the date on which the application was filed in this country.

"(b) The showing of facts shall be such, in character and weight, as to establish reduction to practice prior to the effective date of the reference, or conception of the invention prior to the effective date of the reference coupled with due diligence from said date to a subsequent reduction to practice or to the filing of the application. Original exhibits of drawings or records, or photographic or photostatic copies thereof, must accompany and form part of the affidavit or their absence satisfactorily explained."

ide, prepared as described above, for testing in the biological laboratories for pharmacological properties with the expectation that it would have analgesic activity;"

Thereupon the examiner stated in pertinent part:

"Since the affidavit does not *disclose* a date as to when ethyl 1-methyl-4-phenylisonipecotate was found to have analgesic activity nor whether such activity in the compound was discovered prior to August 16, 1955, the requested interference will not be declared."

At this point, the appealed claims stood rejected in view of the Tiffany patent and the case was appealed to the Board of Appeals.

Subsequently appellants submitted a third affidavit which stated in relevant part:

" * * * the utility of ethyl 1-methyl - 4 - phenylisonipecotate N-oxide hydrochloride [claim 4] as an analgesic agent was obvious to us prior to the time we made the compound and prior to August 16, 1955, the filing date of Tiffany, U. S. Patent 2,785,168;

" * * * the utility was obvious to us at the time we submitted the compound for testing which was prior to August 16, 1955."

The second and third affidavits were accompanied by various laboratory notebook exhibits and supplementary affidavits.

The position of the examiner appears to have been that since the Rule 204(b) affidavits must be "of the nature specified in rule 131," the requirements of the latter rule must be satisfied. The examiner held that a "reduction to practice" within the meaning of Rule 131(b) includes establishment of the utility of the

claimed compound and that the affidavits do not show reduction to practice in this regard. In particular, the examiner noted that even though appellants had stated in the third affidavit that the analgesic utility was obvious, the second affidavit shows that a compound had been submitted for testing. In other words, the examiner appears to have found an inconsistency between the alleged obviousness of utility and the fact that tests were made.

The board affirmed the examiner, finding support in Blicke v. Treves, 241 F.2d 718, 44 CCPA 753, for its position that "the instant compounds are not of such a nature that they were reduced to practice merely by making them."

Two other issues were raised below by appellants. Before the case was considered by the Board of Appeals, appellants urged by petition to the Commissioner, first, that there is no statutory basis for that portion of Rule 204(b) which follows the semicolon therein since the affidavit required by that portion relates to a question of priority which "shall be determined by a board of patent interferences." [2] In other words, appellants urged in their petition to the Commissioner that the final portion of Rule 204 (b) is inconsistent with 35 U.S.C. § 135, and that the Commissioner has exceeded the rule-making authority given him by 35 U.S.C. § 6.[3]

Appellants also urged as a second point in their petition to the Commissioner as follows:

"Assuming, arguendo, statutory basis exists for Rule 204(b) and that an applicant can be required to present facts which would prima facie entitled him to an award of priority relative to the filing date of a patentee: It is submitted the determination of whether such facts as may be presented in a case are suffi-

2. 35 U.S.C. § 135.

3. 35 U.S.C. § 6 states in relevant part:
"6. Duties of Commissioner
" * * * He may, subject to the approval of the Secretary of Commerce, es-

tablish regulations, not inconsistent with law, for the conduct of proceedings in the Patent Office."

cient on the question of priority rests with a board of patent interferences and is not within the jurisdiction of a Primary Examiner."

The Supervisory Examiner, as delegate of the Commissioner, dismissed this petition because it was "addressed to nonpetitionable matters." On petition for reconsideration, the Assistant Commissioner, as a further delegate of the Commissioner, ruled that appellants' contention that the last clause of Rule 204(b) is invalid "is without merit" on the ground that 35 U.S.C. § 135 "vests the Commissioner with the authority to determine whether or not an interference exists and whether an interference proceeding should be instituted," and that the criteria of Rule 204 represent "a valid and reasonable exercise of that power."

As to the second point of appellants' petition, the specific relief requested was "a change in the interpretation of rule 204(b) so that the Primary Examiner of Division 6 be directed to hold the second affidavit in compliance with the rule." The Assistant Commissioner did not rule specifically on the jurisdictional question but, rather, looked directly to the relief sought and stated in effect that this represented a question for the Board of Appeals.

All three issues, namely, the validity of the last clause of Rule 204(b), the jurisdictional question, and the question of the actual sufficiency of the three affidavits in question, were raised before the Board of Appeals. The board's position on the last of these has been discussed supra. The board declined to pass on the validity question, stating that Rule 204(b) "has been found valid by the Assistant Commissioner." As to the jurisdictional question, the board stated: [4]

"We are unable to concur with appellants on their second point. It is true that Rule 204(b) does not specify the official who rules on the suf-

ficiency of affidavits under that rule, but it is quite clear that the rule is part of the procedure to determine whether 'in the opinion of the Commissioner' (35 U.S.C. 135) an application interferes with a patent. A determination must be made, since the mere ministerial receipt of the affidavits would render the rule meaningless in purpose and practice. The Commissioner may, of course, delegate various of his duties to subordinate officials and the performance of the duties necessitated by Rule 204(b) is entrusted to the examiner, just as the performance of duties under Rule 202 is entrusted to a Law Examiner. The delegation of the duties in question to the examiner is indicated by the last sentence of Section I and the first two sentences of paragraph (d) of Section Y of the Introduction to the Rules of Practice. Procedure under Rule 204(b) is not a determination of priority under the second sentence of 35 U.S.C. 135 but is merely in the nature of a preliminary inquiry to determine whether an interference should be declared. The Examiners of Interferences do not take jurisdiction until the interference is formally declared under Rule 209 and, until that time, the examiner retains jurisdiction. See Rule 211."

The three issues before the board are now before us for consideration. There are a number of principles involved in a discussion of these issues which are basic and non-controversial. To these we will give our attention first.

■ There is no question but that under 35 U.S.C. § 135, the Commissioner is required to initiate interference proceedings by giving notice to the parties whenever, *in his opinion*, an application would interfere with any pending application or with any unexpired patent. Fur-

4. The board was apparently referring here to the third edition of Rules of Practice dated September 1955. It has not been urged before us that the current 4th edition includes any changes pertinent to the issues in this case.

958

ther, under 35 U.S.C. § 6, subject to the approval of the Secretary of Commerce, he "may * * * establish regulations, not inconsistent with law, for the conduct of proceedings in the Patent Office." Also, it is equally clear that, unless specifically prohibited by law, the Commissioner may delegate his duties.

On the other hand, in performing his duties, the Commissioner cannot usurp the functions or impinge upon the jurisdiction of the Board of Patent Interferences established by 35 U.S.C. § 135.

■ In applying these principles to the case at bar, it is obvious that the Commissioner could promulgate a rule to cover the factual situation that is presented in this and similar cases. This he did in establishing Rule 204(b). Also, he could delegate to the Primary Examiner and the Assistant Commissioner his responsibilities under Section 135, and they could decide in the first instance whether a prima facie case had been presented by applicant.

It is agreed that all the requirements of 204(b) were fulfilled except "as to when the utility of the compound was conceived or ascertained."[5]

■ It is at this point that we disagree with the board. In stating in their third affidavit that "the utility was obvious to us at the time we submitted the compound for testing which was prior to August 16, 1955," appellants completed their prima facie case. For the Primary Examiner or the Board of Appeals to require more than this sworn allegation was tantamount to a decision with reference to a significant facet of the interference itself. Whether or not utility is obvious or requires testing is a question entirely within the jurisdiction of the Board of Patent Interferences.

The "opinion" of the Commissioner that is required in Section 135 pertains to the factual question of whether the claims of the application would interfere with the claims of the patent, and whether a prima facie case has been alleged.

The question of priority is to be determined by the Board of Patent Interferences and such factors, as what is necessary to show reduction to practice in a particular case, come within the exclusive jurisdiction of that board. It should be kept in mind, however, that a patentee ought not to be compelled to go through an interference proceeding without reasonable cause.

Although Rule 204(b) indicates that the required affidavit must be in the nature of that specified in Rule 131, obviously, any provision of Rule 131 which requires more than the statute contemplates in connection with a Rule 204(b) proceeding would not be applicable, as in the case at bar. Since in our opinion appellants have established a prima facie case by means of their three affidavits, any provisions of Rule 131 which may require more, as in the case of swearing back of a reference, do not apply here.

The board and the solicitor rely heavily upon Blicke v. Treves, supra, to support their position. That case is clearly distinguishable. It was an interference proceeding and the question of whether a prima facie case had been established was not involved. On the other hand, Blicke v. Treves states a principle which *is* pertinent and applicable in the case at bar:

"As this court has repeatedly stated, whether a composition of matter must be tested in order to establish a reduction to practice, and if so, what tests are necessary, is a question which must be decided on the basis of the facts of the particular case involved. Payne v. Hurley, 71 F.2d 208, 21 C.C.P.A., Patents, 1144; St. Pierre v. Harvey, 233 F.2d 337, 43 C.C.P.A., Patents, 918."

This issue should be resolved by the Board of Patent Interferences and not in these proceedings.

For the above reasons, we *reverse* the decision of the board with reference to claims 1, 2 and 3.

5. Solicitor's Brief.

Coming now to claims 4 and 5, we do not agree with the contention of the solicitor that all of the appealed claims "stand or fall together." Rule 204(b) is not involved insofar as these two claims are concerned because they were not copied from the Tiffany patent. Therefore these claims must be dealt with by the Patent Office, as they have not been, on an entirely different basis.

In view of the fact that the proceedings below and before this court, and the arguments by counsel, pertain only to the requirements and practice under Rule 204 (b), we believe that we should not render a decision concerning claims 4 and 5 until further appropriate actions have been taken below.

Therefore, as to claims 4 and 5, we *remand* this cause to the Patent Office for further proceedings not inconsistent with this opinion.

Reversed in part and remanded.

WORLEY, Chief Judge, sat but did not participate in decision.