50 CCPA
**Application of Alois M. GEMASSMER.**
**Patent Appeal No. 6944.**

United States Court of Customs
and Patent Appeals.
June 28, 1963.

540

Clelle W. Upchurch, Pittsburgh, Pa. (John H. Sutherland, St. Louis, Mo., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (Joseph Schimmel, Washington, D. C., of counsel), for Commissioner of Patents.

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Judges.

MARTIN, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the rejection of the eleven claims of appellant's application, Ser. No. 61,375, filed October 10, 1960 entitled PREPA-RATION OF ORGANIC ISOCYA-NATES. The appealed claims are identical with appealed claims 10–20 in appellant's application Ser. No. 765,298, filed October 6, 1958, which were copied (some with modifications apparently regarded as immaterial) from Latourette et al. U. S. Patent No. 2,908,703 for the purpose of interference. Appellant's application Ser. No. 765,298, was the basis of appeal No. 6945, CCPA, 319 F.2d 541.

The application involved in this appeal is stated to be a continuation-in-part of application Ser. No. 765,298, which application in turn is alleged to be a continuation-in-part of appellant's application Ser. No. 418,762, filed March 25, 1954.

Like Ser. No. 765,298, the present application describes a process for the preparation of organic isocyanates from an amine and phosgene.

The appealed claims were rejected by the examiner as being "fully met by the Latourette et al. patent." The board sustained that rejection.[1]

The examiner stated his position as follows:

"The instant application bears a filing date of October 10, 1960. The Latourette et al. patent bears a patent date of October 13, 1959 and a filing date of August 16, 1955. Thus, since the Latourette et al. patent is a reference to the instant claims applicant must effectively antedate said patent in order to remove same as a reference. Applicant cannot rely on the filing dates of his parent applications [Ser. No. 765,298 and Ser. No. 418,762] to remove the reference since said application[s] only provide proper support for a process wherein a high-speed mixer is employed in the initial phosgenation step. Thus, the earliest date applicant can achieve for a process without the high-speed mixer being present is the date of the instant application. Since the filing date of the instant application is not one year after the effective date of the Latourette et al. patent applicant has the right to swear back of the patent by presentation of proper affidavits. Patent claims have been copied herein and thus an affidavit under Rule 204 is required. The requirement for a Rule 204 affidavit has been set forth in the prosecution and this Rule 204 affidavit must be in the nature of a Rule 131 affidavit. Applicant has not submitted said Rule 204 affidavit in the nature of a Rule 131 affidavit as required and thus the Latourette et al. patent is still considered a pertinent reference and fully meets the instant claims."

1. The board also sustained the examiner's other ground of rejection, viz. that the appealed claims are not patentably dis-
tinct from claims 10 to 20 of application Ser. No. 765,298. We find it unnecessary to consider this rejection.

It is obviously appellant's position that he can prevail without a Rule 204 affidavit because he contends that every step, feature and limitation in the appealed claims find support in the specification of Ser. No. 765,298 and that Ser. No. 418,762 also provides such support for the appealed claims since the disclosure in the latter application, as the board has pointed out, is no different from that in Ser. No. 765,298. It is urged that since Ser. No. 418,762 was filed in the United States approximately 17 months before the effective filing date of the Latourette et al. patent, appellant's effective filing date is not subsequent to the effective filing date of the Latourette et al. patent.

In our opinion in Appeal No. 6945 we have held that the appealed claims are not supported in appellant's application Ser. No. 765,298. Therefore, the disclosure in Ser. No. 418,762 being no different with respect to support for the appealed claims, appellant is not entitled to the benefit of the filing date of either of those applications. On the record, then, he is limited to the filing date of the instant application, which date is too late to overcome the Latourette et al. patent.

Appellant seems to regard cases wherein an application or patent disclosing only a specific example was held adequate to warrant an award of priority of a broad claim in interference proceedings [2] as pertinent here. We do not agree. In interferences, our consideration is limited to priority of invention and matters ancillary thereto and the question of patentability is not before us.[3] No interference is in progress in connection with the present ex parte appeal and the issue is simply whether the Latourette et al. patent has been overcome as a reference. Appellant, having neither shown himself to be entitled to the benefit of the filing date of an earlier-filed application nor overcome the pat-

ent by an affidavit as provided for in Rule 131, cannot prevail.

For the foregoing reasons, the decision of the board is affirmed.

Affirmed.

WORLEY, C. J., not present at argument, participated by agreement of counsel in this decision.

RICH, Judge, with whom SMITH, Judge, joins (dissenting).

For the reasons which are stated at length in my opinion in Appeal No. 6945, I find support for the instant claims in appellant's parent application. Since identical support exists in the instant application, I would reverse the rejection based on Latourette et al.

50 CCPA

---

**2.** Among the decisions cited are Loukomsky v. Gerlich, 264 F.2d 907, 46 CCPA 805 and Den Beste v. Martin, 252 F.2d 302, 45 CCPA 798.

