59 CCPA
**Helmut SCHWAB and Stanley E. Beale,**
**Appellants,**

v.

**Robert B. PITTMAN, Appellee.**

**Patent Appeal No. 8542.**

United States Court of Customs
and Patent Appeals.

Dec. 9, 1971.

---

Edward J. DaRin, Pasadena, Cal.
(Christie, Parker & Hale), Pasadena,
Cal., attorneys of record, for appellants.

Harold James, New York City (James
& Franklin), New York City, for appellee.

Before WORLEY, Chief Judge, and
RICH, ALMOND, BALDWIN, and
LANE, Judges.

BALDWIN, Judge.

This appeal is from the decision of the
Board of Patent Interferences, adhered

to on reconsideration, awarding priority
to Pittman, the senior party, in accordance with the summary judgment provisions of Patent Office Rule 228.

The single count in issue corresponds
to an immaterial modification of claim
15 of Pittman's patent.[1] The count, as
itemized by appellants, reads as follows:

| *Items* | *Count* |
|---|---|
| Item 1 | A relatively thin flat receptacle for releasably mounting an integrated circuit module of the flat pack type on a printed circuit board, |
| Item 2 | said module having collateral leads projecting from one or more of its edges, |
| Item 3 | said receptacle comprising a molded plastic bottom part, |
| Item 4 | and a mating molded plastic top part, |
| Item 5 | said parts being hollowed to receive the flat body of the module with its faces of large area disposed substantially parallel to the printed circuit board, |
| Item 6 | said receptacle parts being separable on a parting face which is substantially parallel to the printed circuit board, |
| Item 7 | one of said parts outside said hollow being channeled to receive the collateral leads of the module, |
| Item 8 | means detachably securing the top part to the bottom part with a module therebetween, and |
| Item 9 | means to secure the receptacle on a circuit board and to provide electrical contact between the leads and the printed lines on the board. |

The amendment which added the count
to appellants' application [2] was accompanied by a showing under Patent Office
Rule 204(c) for the purpose of invoking

---

1. U. S. Patent No. 3,297,974, granted
January 10, 1967, on an application filed
April 15, 1965.

2. Serial number 476,619, filed August 2,
1965.

**638**

the interference. The showing was directed to certain microcircuit mounting apparatus later identified as "Type I," which appellants alleged that they had manufactured prior to Pittman's filing date. An interference was declared, but the Board of Patent Interferences determined that the affidavits were inadequate to establish that appellants were prima facie entitled to an award of priority relative to Pittman's filing date, since the "Type I" apparatus did not support the count. Appellants were therefore ordered to show cause why summary judgment should not be entered against them. In response, appellants submitted a supplemental showing under Rule 204(c), together with affidavits justifying the omission of the supplemental material in the original show-ing. The supplemental showing dealt with microcircuit mounting apparatus identified as "Type II." In order to establish their prima facie case, appellants relied on the production of the Type II apparatus, its assembly with an integrated circuit package, and electrical conductivity tests of that assembly, all of these activities having occurred prior to Pittman's filing date. The Board of Patent Interferences held that appellants had failed to establish a prima facie case because the Type II apparatus did not support the count. The board adhered to that decision on reconsideration.

The apparatus on which appellants rely to show that they were in possession of the invention of the count prior to Pittman's filing date is illustrated below:

[A4506]

The function of the entire structure is to mount an integrated circuit module onto a printed circuit board. Plastic base C and plastic retaining cover D hold between them an integrated circuit module A. When the module is in place, its leads B follow the contour of chamfer C–2 and the corresponding surface in the retaining cover. The leads are pressed into contact with conductors on the circuit board E by the retaining cover D. Cover D is held on the circuit board by retaining buttons F.

In applying the count to appellants' apparatus, the board held that the language of the count is clear and unambiguous, and that it therefore should be given the broadest interpretation that it reasonably will support. We fully agree.

The first five elements of the count are not in controversy. Appellee contends that chamfer C–2, appellants' alleged support for item 6, does not satisfy the count because it is not "substantially parallel to the printed circuit board." The board considered that the base and cover each have an area of a parting face which is substantially parallel to the circuit board other than chamfer C–2. We agree with the board, since it is apparent from the illustration that the upper surface of base C which surrounds hollow C–1 almost entirely overlaps a corresponding lower surface of cover D. Since these surfaces are parallel to the circuit board, item 6 of the count is supported by the Type II apparatus.

Appellants contend that chamfer C–2 supports item 7 of the count. The board held otherwise, noting that neither the base nor the cover had any structure which closed the sides of the space formed between chamfer C–2 and the corresponding lower surface of cover D so as to provide even a single large channel. The appellants point out that the term "channel" broadly means any course through which something can pass. They argue that the opening for receiving and retaining the leads which is defined between the base and the cover at chamfer C–2 is a channel within the common meaning of the term, and

that the board erred in requiring side walls for that channel. The difficulty with appellants' argument is that the count does not merely call for a channel between the parts. It calls for *one* of the parts to have been *channeled, i. e.,* one of the parts must have had one or more channels made into it. Clearly, neither the base nor the cover of the Type II apparatus has been channeled, and therefore appellants' structure does not support the count.

In view of our holding with respect to item 7 of the count, we find it unnecessary to discuss appellants' contentions that the board erred in holding that items 8 and 9 of the count are not supported by appellants' structure.

Appellants also question the propriety of summary judgment in this case, stating that Rule 228 "should not be so harshly applied . . . to foreclose further testimony on the basis of differing interpretations of a single early structural embodiment of the invention." They consider that the interpretation of the count and the application of the count to their showings present matters which can reasonably be viewed differently. It is apparently their position that such matters are analogous to genuine issues concerning material facts, which would prevent summary judgment under Federal Rule of Civil Procedure 56. Under that Rule, summary judgment is not proper unless there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.

At the time the summary judgment proceedings in this case took place, Patent Office Rule 228 read in pertinent part as follows:

> *Summary judgment.* When an interference is declared on the basis of a showing under rule 204(c), such showing will be examined by a Board of Patent Interferences. If the Board considers that the facts set out in the showing provide sufficient basis for overcoming the effective filing date of the patentee, the interference will proceed in the normal manner as provided

by the rules in this part; otherwise an order shall be entered concurrently with the notice of interference pointing out wherein the showing is insufficient and notifying the applicant making such showing that summary judgment will be rendered against him because of such insufficiency at the expiration of a period specified in the notice, not less than thirty days, unless cause be shown why such action should not be taken. Any response made during the specified period will be considered by the Board * * *, but additional affidavits or exhibits will not be considered unless accompanied by a showing justifying their omission from the original showing.

Thus the language of Patent Office Rule 228 states a test which differs from the test under Federal Rule 56. First it must be determined whether the showing submitted under Rule 204(c) provides "sufficient basis for overcoming the effective filing date of the patentee," i. e., whether Rule 204(c) has been complied with and a prima facie case of priority has been established. Note that the burden on the applicant here is not to prove beyond a reasonable doubt, or even by a preponderance of the evidence, but merely to establish a prima facie case. See In re Dickinson, 299 F.2d 954, 49 CCPA 951 (1962). If a prima facie case has not been established, Rule 228 provides for a show cause order. The type of "cause" to be shown is not specified in the Rule. In this case appellants have attempted to show cause by demonstrating that their showings under Rule 204(c) actually did establish a prima facie case, i. e., that their Type II apparatus comes within a reasonable interpretation of the count. If they had successfully so demonstrated, summary judgment would clearly have been improper. We need not speculate as to what other responses might present sufficient "cause" to prevent summary judgment.

We find nothing harsh in the minimal burden imposed by Rule 228 on the appellants in this case in order to justify putting patentee Pittman to the expense and inconvenience of prosecuting an interference. A consideration of appellants' showings, made in the light of the broadest reasonable interpretation of the count, compels the conclusion that appellants have failed to establish a prima facie case of priority relative to the effective filing date of the Pittman patent. Summary judgment in this case is entirely proper.

The decision of the Board of Patent Interferences is *affirmed*.

Affirmed.