John H. GOLOTA, Appellant,

v.

Albert P. STROM and Charles F. Cromer, Appellees.

Patent Appeal No. 9055.

United States Court of Customs and Patent Appeals.

Jan. 17, 1974.

Samuel H. Weiner, New York City, for appellant; Bernard Gerb, Ostrolenk, Faber, Gerb & Soffen, New York City, of counsel.

William A. Elchik, for appellees; Clement L. McHale, of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MILLER, Judge.

This appeal is from a decision of the Board of Patent Interferences awarding priority to Albert P. Strom and Charles F. Cromer, senior party-appellees, in Interference No. 97,491, involving Strom et al. patent No. 3,497,653, for "Fluid-Blast Circuit Interrupters With Extensible Movable Fluid-Directing Nozzle." The patent was issued February 24, 1970, on application Serial No. 598,761, filed December 2, 1966. The Golota application, Serial No. 680,778, was filed November 6, 1967, for "Adjustable Contact Nozzle And Retractable Arcing Chamber For Gas Blast Circuit Breakers." We affirm.

THE INVENTION OF THE COUNTS

The counts are directed to a fluid-blast circuit interrupter, including a

means defining a source of fluid under pressure, which appellant illustrates in his application by the following drawing:

*FIG. 2*

With reference to the above figure, limitations of count 1 are set forth in the following comparison:

| Count 1 | Golota Application |
|---------|--------------------|
| A fluid-blast circuit interrupter including means defining an orifice-shaped stationary contact | Contact 53. |
| having an exhaust opening therethrough | Central opening 55. |
| and a cooperable movable contact separable therefrom to establish an arc, | Movable contact assembly which includes contact finger 60. |
| an actuating member to effect opening and closing movement of the movable contact, | Operating shaft 86. |
| *means defining a source of fluid under pressure,* | Tank 13. |
| blast-valve means for controlling a flow of high-pressure fluid from said source, | Cylindrical valve body 158. |
| a movable insulating nozzle for directing fluid through said exhaust opening | Sliding interrupter tube 123. |
| picked up by said actuating member on the closing stroke of said actuating member and abutting said orifice-shaped stationary contact, | Contact finger 60 picked up ring 127 of nozzle 123 to abut 54. |
| means biasing said movable insulating nozzle away from said stationary contact, | |
| said movable insulating nozzle being in its extended position in the closed-circuit position of the interrupter, | Position as shown in Figure 2. |
| conduit means from said blast-valve means leading into a volume defined at least partially by said insulating nozzle, | Lower casing 112. |
| whereby the gas pressure in said volume will retain said nozzle in its extended position during arc interruption. (Emphasis supplied.) | |

Counts 2 and 3 present variations not pertinent to the issues before the court.

## PROCEEDINGS BELOW

Appellant copied three claims, representing the three counts on appeal, from appellees' patent and filed an affidavit by Weiner, counsel for appellant, with attached documents under Rule 204(c).[1] Subsequently, the interference was declared. At the same time, an Order to Show Cause under Rule 228[2] was issued by the interference examiner, who ruled that the showing made by appellant under Rule 204(c) was inadequate to prima facie entitle him to an award of priority. Appellant responded with two additional affidavits under Rule 228—a second affidavit by Weiner and one by McConnell.

The first Weiner affidavit, accompanied by a developmental drawing similar to Figure 2 above and a patent invention disclosure document briefly describing the invention shown in the drawing, recites that the inventor and corroborating witness, McKeough, had left the employ of the assignee of the Golota application and that:

(b) There was in my files a copy of Drawing 87124SKL–079, Revision 3, dated 1–12–66 (January 12, 1966) and I used a copy of this drawing in the preparation of the above-noted application. This drawing was obtained by me from the assignee of the above-noted application. On information and belief, this drawing was made under the instructions and direction of the inventor, John H. Golota, and the

---

1. *204. Interference with a patent; affidavit [OR DECLARATION] by junior applicant.*

\* \* \* \* \*

(c) When the effective filing date of an applicant is more than three months subsequent to the effective filing date of the patentee, the applicant, before the interference will be declared, shall file two copies of affidavits or declarations by himself, if possible, and by one or more corroborating witnesses, supported by documentary evidence if available, each setting out a *factual description of acts and circumstances* performed or observed by the affiant, which collectively would *prima facie entitle him to an award of priority* with respect to the effective filing date of the patent. This showing must be accompanied by an *explanation* of the basis on which he believes that the *facts* set forth would overcome the effective filing date of the patent. Failure to satisfy the provisions of this section may result in summary judgment against the applicant under § 228. *Upon a showing of sufficient cause, an affidavit or declaration on information and belief as to the expected testimony of a witness whose testimony is necessary to overcome the filing date of the patent may be accepted in lieu of an affidavit or declaration by such witness.* If the examiner finds the case to be otherwise in condition for the declaration of an interference he will consider this material only to the extent of determining whether a date prior to the effective filing date of the patent is alleged, and if so, the interference will be declared. (See also rule 228). [Emphasis supplied.]

2. *228. Summary judgment.* When an interference is declared on the basis of a showing

under rule 204(c), such showing will be examined by an Examiner of Interferences. If the Examiner considers that the facts set out in the showing provide sufficient basis for the interference to proceed, the interference will proceed in the normal manner as provided by the regulations in this part; otherwise an order shall be entered concurrently with the notice of interference pointing out wherein the showing is insufficient and notifying the applicant making such showing that summary judgment will be rendered against him because of such insufficiency at the expiration of a period specified in the notice, not less than 30 days, unless cause be shown why such action should not be taken. In the absence of a showing of good and sufficient cause, judgment shall be so rendered. Any response made during the specified period will be considered by a Board of Patent Interferences without an oral hearing unless such hearing is requested by the applicant, but additional affidavits, declarations, or exhibits will not be considered unless accompanied by a showing in excuse of their omission from the original showing. If the applicant files a response to the order to show cause, the patentee will be furnished with one copy of the showing under rule § 1.204(c) and will be allowed not less than 30 days from its mailing date within which to present his views with respect thereto. He shall also be entitled to be represented at any oral hearing on the matter. The Board will determine, on the basis of the original showing and the response made, whether the interference should be allowed to proceed or summary judgment should be entered against the junior applicant.

drawing was completed January 12, 1966.

The second Weiner affidavit, with attached portions of appellant's assignee's Patent Committee Agenda showing the docketing of appellant's invention disclosure document, states:

(a) On information and belief, a prototype unit, made pursuant to Drawing 87124SKL–079, Revision 3, dated 1–12–66 and attached to my earlier affidavit, was manufactured and successfully tested on or before December 2, 1966, or at least continuous work was carried out toward the production of such a unit until there was a successful reduction to practice.

The affidavit further states that the developmental drawing was given to Weiner by appellant on June 9, 1966.

The McConnell affidavit reads:

I was personally familiar with the development of the SF$_6$ breaker at the Power Circuit Breaker Division of I–T–E Imperial which is of the type shown in the application of party Golota and as shown in Drawing 87124SKL–079, Revision 3. I personally observed the manufacture, assembly and successful tests and demonstrations of an interrupter prior to December 2, 1966, which was built according to this drawing.

In holding that appellant's showing under Rules 204(c) and 228 was inadequate, the board found that appellant had "not set forth any facts relative to a reduction to practice which would prima facie entitle him to an award of priority . . . ." It noted that the first Weiner affidavit did not mention reduction

to practice, while the second ("on information and belief"), filed under Rule 228, merely gave conclusions thereon and did not comply with Rule 204(c), which requires the expected testimony of a witness rather than knowledge of counsel; that the McConnell affidavit did not allege facts and was unclear over what he meant by "interrupter."

In reaffirming its findings on reconsideration, the board added that the affidavits do not disclose the claimed "means defining a source of fluid under pressure."

## OPINION

■ The question before the court is whether the board erred in holding that appellant's affidavits were inadequate for purposes of Rules 204(c) and 228.

Appellant argues that the affidavits show the clear elements of a justiciable case by way of a reduction to practice prior to the effective date of appellees.[3] A similar argument was advanced in Kistler v. Weber, 412 F.2d 280, 56 C.C. P.A. 1413 (1969), where this court explained Rule 204(c) as follows:[4]

The former [old Rule 114] only called upon the junior party in the *pleading*, called a Preliminary Statement, to *allege* facts which, if subsequently proved, would overcome the prima facie case made by the date of the senior party's application, whereas the latter [Rule 204(c)] calls upon the junior party to *prove* (by way of affidavit(s) setting forth facts) at least so much of his case as would entitle him to an award of priority *if* the senior party were to rely only on his filing date and were not to rebut any of the junior party's case. Under old

---

3. Appellant's recitation of dates would, of course, be entitled to consideration by the Primary Examiner, but this would not avoid an adverse decision by the Board of Patent Interferences. See In re Dickinson, 299 F. 2d 954, 49 C.C.P.A. 951 (1962), which was concerned with Rule 204(b), subsequently revised to become present Rule 204(b) and (c). The last sentence of Rule 204(c) appears to have been added to preclude action by a Primary Examiner which is reserved to

the Board of Patent Interferences with which this court was concerned in Dickinson. See also In re Gemassmer, 319 F.2d 539, 51 C.C.P.A. 726 (1963), where failure to file a Rule 204 affidavit foreclosed an interference.

4. Rule 204 has been amended since *Kistler*, but no argument has been presented by either party regarding the effect of such amendments; also, the amendments have been characterized as "minor." 33 FR 19949 and 34 FR 12629.

Rule 114, it was to be assumed that the junior party could prove what he alleged in his Preliminary Statement; he was not required to prove anything. Under Rule 204(c), however, prima facie *proof* of facts is called for, albeit in affidavit form.

We also disagree with Kistler's suggestion that Rules 204(c) and 228 place any undue burden on a junior party or are inherently in any way "contrary to the statutory rights of a first inventor." The expense involved in a protracted interference, and the special hardships workable on a patentee involved therein, are notorious, and to minimize both, where possible, would appear to be the laudable purpose of these rules. If a junior party is in fact "a first inventor" and if he could prove that in a "full hearing on priority," we see no reason why he should be prejudiced or unduly burdened by a requirement that he prove (prior to a "full hearing") by way of affidavits and documentary evidence that he is at least prima facie entitled to an award of priority over the patentee's effective filing date. [Footnote omitted.]

In response to Kistler's argument that "he does not have to *prove* his facts at this stage of the interference but only give rise to an *inference* or show a *possibility* that he could prove them later," the court said:

We cannot accept this procedural theory. To do so would entirely vitiate the purposes of Rules 204(c) and 228 and allow mere uncorroborated assertions to take the place of proof of acts and circumstances adequate to overcome Weber's March 9, 1960, filing date.

Rules 204(c) and 228 were again reviewed in Schwab v. Pittman, 451 F.2d 637, 59 C.C.P.A. 720 (1971), where we said that the requirement to prove a prima facie case is proper in order to justify putting a patentee to the expense and inconvenience of prosecuting an interference.

The board's holding that appellant's affidavits were inadequate because Rules 204(c) and 228 require an allegation of facts, rather than mere conclusions, finds support not only in the above cases, but in Patent Office practice as well.[5] And we agree that appellant's affidavits contain mere conclusions rather than the showing of facts required. No facts are set forth on how the claimed device was actually reduced to practice, how it was embodied in its final constructed form, or how it was tested. The second Weiner affidavit and the McConnell affidavit set forth merely the conclusion or opinion that a structure embodying all the limitations of the count was reduced to practice.

A prima facie case assuredly would have to be made for *all* limitations in the counts. Count 1 requires "means defining a source of fluid under pressure," which appellant has indicated generally refers to tank 13 in the above figure. (Appellant's specification notes that interrupter 10 rests on tank housing 13.) Thus, when the McConnell affidavit refers to "interrupter," it is unclear, as the board pointed out, whether McConnell was referring only to interrupter 10 or to a structure embodying *all* the limitations of the count, including tank 13. Therefore, the board correctly concluded that there are no facts concerning conception or reduction to practice of the "means defining a source of fluid under pressure."

We also note that appellant has failed to provide "an explanation of the basis on which he believes that the facts set

---

5. See George W. Boys, Chairman, Board of Patent Interferences, "Interference Practice—Affidavits Under Rule 204(c)," 826 O.G. 712 (April 21, 1966) where he stated that "Statements of conclusion, for example, that the invention of the counts was reduced to practice, are generally considered to be not acceptable." See also George W. Boys, "Changes in the Rules of Practice and in Procedures Relating to Interferences," 47 J.P.O.S. 761 (1965) and Maurice A. Crews, "Interference Practice and the New Rules," 48 J.P.O.S. 411 (1966).

forth" in the affidavits overcome the effective filing date of appellees.[6]

■ Appellant raises the question of whether an affidavit submitted "on information and belief" in behalf of a witness expected to testify (sufficient cause being shown for inability to furnish an affidavit from such witness) is to be subjected to less stringent requirements than an affidavit from the witness himself, arguing that it is. We do not agree. Rule 204(c) requires that "acts and circumstances" be set out in "each" affidavit and that the affidavits "collectively" establish a prima facie case. Although Rule 204(c) requires that the "information and belief" affidavit of an expected witness' testimony be necessary to overcome the patentee's filing date, it is clear that the "acts and circumstances" requirement for "each" affidavit applies to it and that such affidavit plus any other(s) must collectively establish a prima facie case.

■ The board also properly noted that it is the expected testimony of a *witness* which is to be set forth upon information and belief in the affidavit, not the knowledge of *counsel*, unless, of course, counsel is to be called as a witness. Moreover, inasmuch as the purpose of Rules 204(c) and 228 is to assure that a patentee is not subjected to the unnecessary burden of being put in interference, it follows that there should be some showing that the particular witness is indeed *expected* to testify. After all, if such witness is unlikely to appear, it would be manifestly unfair to the patentee and the Patent Office for the interference to proceed. Here, appellant has made no showing that either the inventor or the corroborating witness, McKeough, is indeed expected to testify.

In view of the foregoing, we hold that appellant's affidavits were inadequate for purposes of Rules 204(c) and 228 and affirm the decision of the board.

Affirmed.

---

6. Although we do not need to decide the point, it would appear to have been prudent for appellant also to have made a showing of diligence assuming arguendo that the documents accompanying the Weiner affidavits established conception, bearing in mind the provisions of 35 U.S.C. § 102(g).